CURTISS v. THE CITY OF WATERLOO.

1. **Estoppel**: CONTRACT: PARTIES.   In an action upon a contract by one who, with another as partner, in the partnership name, made a proposition to a City Council which was subsequently accepted as the proposition of plaintiff, and he alone was recognized as the contracting party, the city is precluded from objecting that he is not the contractor.

2. **Evidence**: PAROL CANNOT VARY CONTRACT IN WRITING.   Parol evidence of contemporaneous conversations is not admissible to alter or vary a contract created by a proposition to a City Council in writing, and an acceptance of it by them in a written resolution.

3. **Contract**: TIME OF PERFORMANCE.   Where the time in which a contract is to be performed is not specified, the law implies that it shall be performed in a reasonable time.

*Appeal from Black Hawk District Court.*

WEDNESDAY, APRIL 29.

ON Nov. 16, 1871, plaintiff filed his petition alleging that he had contracted with the defendant for the manufacture and delivery of a certain power pump; that the contract was made by a communication, of which the following is a copy:

" *To the City Council of Waterloo, Iowa:*

We are prepared to furnish the city with a power pump of our improved form, upon the following conditions:

1st.   The pump shall, be in every respect substantial.

2d.   It shall force water with less power than any pump of like capacity now in the market.

3d.   The Council shall designate the amount of power that may be applied to the pump, which shall be in proportion to the pump's capacity.

4th.   The city shall pay nothing for the pump or expenses of putting it into running order, until the Council or any committee they may appoint are satisfied that the pump meets all the conditions herein.

5th.   A fair trial of the pump shall be made public and in the presence of the Council or said committee.

6th.   If, after fair trial, the pump in its work and capacity meets all the conditions herein, the city shall pay for it the

price of a Holly Rotary Pump, or of any other manufacture, delivered at Waterloo and of like capacity, and also the actual expense of setting it up and putting it into running order.

7th. We will use any gear and fixtures the city may own or furnish, suitable to the use of said pump.

Should the Council think favorably of our proposition, and would desire it, one of us will be pleased to appear before the Council and make some suggestions.    CURTISS & COVERT.

*Waterloo, March 17, 1870."*

Which proposition was accepted by said defendant on Nov. 18, 1870, by the adoption of the following resolution:

" *Resolved*, That the proposition of W. H. Curtiss, Esq., to place his force pump, now being constructed in the Cedar Mill—using the gearing formerly used with the Rotary Pump returned—be accepted; all to be done at his expense, and when the said pump is ready for trial he to notify the City Council. The above being in accordance with the communication of Curtiss & Covert filed March 21st, 1870.

*Waterloo, Nov. 17, 1870."*

Plaintiff states that he completed said pump according to said contract and notified the defendant that it was ready for delivery, but said defendant neglected to receive the same; that said pump is worth twelve hundred dollars, and the actual expense of setting up the same was five hundred and fifty 50-100 dollars, for which sums he asks judgment.

The defendant admits a communication and the resolution, and avers that the plaintiff appeared before the council and made certain representations as to the then condition of said pump and the time within which he could complete the same, which were false.

That on January 12, 1871, the defendant, by its council, notified the plaintiff that the time having expired in which he proposed to have his pump finished, defendant would not receive the same; denies that the proposition was ever accepted, and denies that the plaintiff ever performed the conditions of any contract with the defendant.

There was a trial to a jury resulting in a verdict and judgment for plaintiff for $1,750.50 with interest from the time

Curtiss v. The City of Waterloo.

plaintiff notified defendant that the pump was completed, to-wit: September 22, 1871, making the sum of $1,921.47, to bear interest from May 8th, 1873, and costs of suit. The defendant appeals.

*J. L. Husted,* for appellant.

*Boies, Allen & Couch,* for appellee.

COLE, J.—I. It is first insisted that the proposition and the resolution of acceptance do not constitute a contract, for

1. ESTOPPEL: contract.

that the acceptance is not in the very terms of the proposition. The resolution and negotiations were with the plaintiff individually, and the recognition of him as the contracting party, would seem to preclude any objection that he is not the person making the proposition.

The resolution of acceptance is very direct and positive. That it contains the phrase "using the gearing formerly used with the Rotary Pump returned," as italicised by appellant's counsel in argument, may well be regarded as language used for the purpose of defining the proposition which the defendant, in terms, by the resolution, accepted.

II. It is next claimed by appellant's counsel that the court erred in rejecting the testimony as to the conversations with the plaintiff at the time the resolution was adopted.

We see nothing in this case to take it out of the ordinary and well settled rule, that parol evidence of a contempora-

2. EVIDENCE: parol cannot vary written contract.

neous conversation is inadmissible to alter or vary a written instrument. And whether the resolution be regarded as such a contract in writing as would answer the statute of frauds, is immaterial; for it cannot be questioned that the proposition and resolution of acceptance became written memoranda of the agreement of the parties, and, therefore, evidence to alter or vary the same would be inadmissible.

III. The defendant asked several instructions with reference to the time within which the pump should have been

3. CONTRACT: time of performance.

completed. Some of these might well have been given; but the court gave the same, in substance,

in the instructions given to the jury, to-wit: that if the written contract specified no time in which the pump should be completed, then the law implies that it shall be performed within a reasonable time; and that⸳ the plaintiff was bound to furnish the same within a reasonable time; and in determining what is a reasonable time, the jury should look at the contract and the circumstances under which it was made, as well as the time necessary to put the pump in; and if they found the pump was not put in, through want of reasonable diligence of the plaintiff, then they should find for the defendant.

There is no controversy as to the amount that the plaintiff is entitled to recover, the parties having agreed to the identical amount returned by the jury, in case they should find a verdict for the plaintiff.

AFFIRMED.