Evans v. McElfresh.

J. E. EVANS, *Appellant*, v. N. B. McELFRESH *et ux.*,
*Appellees.*

No. 17,182.

SYLLABUS BY THE COURT.

MECHANIC'S LIEN—*Incomplete Written Contract May be Sup-
plemeted by Parol.* Where a writing is incomplete and shows
on its face that all the stipulations between the parties were
not included in it, parol proof· of the omitted parts of the con-
tract which are not repugnant to or inconsistent with the
written portions may be introduced to supplement that which
is written.

Appeal from Lyon district court. Opinion filed July
7, 1911. Affirmed.

*O. S. Samuel, James S. Botsford, Buckner F. Death-
erage,* and *Goodwin Creason,* for the appellant.

*R. M. Hamer,* and *W. C. Harris,* for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action, brought by J. E.
Evans, the appellant, against N. B. and Mary Mc-
Elfresh, the appellees, he sought a recovery of a claim
for building material to the amount of $712.60 and the
foreclosure of a mechanic's lien. In their answer ap-
pellees set out payments made and materials returned
and a counter claim for damages sustained by reason
of defective materials supplied by the appellant. Par-
ticularly they allege that he induced them to use·Acme
Woven Wood Lath, agreeing that if they would use
the new kind of lath and plaster and would employ a
workman of his selection to put them on they would
have as good walls as could be made by any lath and
plaster, and that if the walls turned out to be defective
and unsatisfactory he would, at his own expense, re-
move the lath and plaster and replace them with the old
and standard lath and plaster and make it, in every

respect, a first-class job besides paying any damages sustained for inconvenience and trouble to appellees. It is alleged that they knew nothing of the new material but, relying on appellant's representations and guaranty, they employed the plasterer suggested by him, and when the work was done the walls cracked, buckled and were uneven. Much of the plaster fell off and the house became unsafe and unfit for habitation. The representations and agreements spoken of were oral, but later the appellant, it is alleged, handed them the following writing embracing a part of this agreement and guaranty:

"*To N. B. McElfresh:*

"This is to guarantee that the Acme Woven Wood Lath used for walls on your residence is guaranteed to not lath crack or buckle and that every way will make as good a plastered wall as any kind of lath on the market.                            J. E. EVANS."

It is alleged that afterwards, as defects became apparent, appellant recognized their existence and orally agreed that he would make the walls satisfactory and complete, and then renewed the previous oral and written agreement and guaranty; but that afterwards, when appellees demanded that he make his contract good, he only offered to patch the walls and refused to comply with his agreements. The damages sustained were placed at $1100, and after a trial the jury found in favor of appellees and awarded them $950.

It is contended that the evidence did not warrant the verdict, but the principal contention is that the writing quoted should be regarded as embracing all the stipulations and agreements made between the parties and that error was committed in receiving and in submitting to the jury parol evidence of their oral agreements. The testimony received appears to support the allegations and claims of appellees and the verdict that was rendered. The question remains whether or not testimony of the oral agreements of the parties was

admissible.  There is no doubt that in the absence of proof of fraud, accident or mistake an unambiguous and complete written contract is deemed to contain the final agreements of the parties, in which all prior or contemporaneous negotiations and stipulations are merged, and is not subject to be altered, enlarged or contradicted by parol proof.  It is well settled that if the writing is manifestly incomplete or does not purport to express the whole agreement of the parties parol proof may be received to show the parts not reduced to writing that are not inconsistent with or repugnant to those written.   In *Shepard v. Haas,* 14 Kan. 443, it was said:

"Where a written agreement is obscure and uncertain, and clearly does not cover all the points which would ordinarily be settled between parties in an arrangement concerning the subject matter of such agreement, it is error to refuse to permit inquiry as to whether there was or was not some independent contemporaneous parol agreement concerning it." (Syl. ¶ 1.)

In *St. L. L. & W. Rly. Co. v. Maddox,* 18 Kan. 546, it was held that:

"A contract which is not required by statute to be in writing, may be partly expressed in writing and partly in an unwritten understanding between the parties; and if so, such understanding may be proved by parol." (Syl. ¶ 2.)

In *Peters v. McVey,* post, p. 393, it was stated:

"It does not appear that the entire contract of the parties was in writing, and so far as it is in writing it is vague and uncertain.  The testimony of the defendant was therefore admissible as to what the contract between the parties was." (p. 393.)

The same view was expressed in another form when it was said:

"Where a written agreement is incomplete, and it is obvious that it does not embrace the entire agreement

of the parties, oral testimony may be received to supplement and explain what is written." (*Milich v. Armour*, 60 Kan. 229, 235.)

(See, also, *Babcock v. Deford*, 14 Kan. 408; *Weeks v. Medler*, 20 Kan. 57; *McNamara v. Culver*, 22 Kan. 661; *Dodge v. Oatis*, 27 Kan. 762; *Schoen v. Sunderland*, 39 Kan. 758; *Cattle Co. v. Guthrie*, 56 Kan. 754; *The Kentucky and Indiana Cement Company v. Cleveland*, 4 Ind. App. 171; *Phœnix Publishing Co. v. Riverside Clothing Co.*, 54 Minn. 205; *Potter v. Easton*, 82 Minn. 247; *The Singer Sewing Machine Co. v. Holcomb*, 40 Iowa, 33; *Aultman, Miller & Co. v. Clifford*, 55 Minn. 159; *Meader v. Allen*, 110 Iowa, 588; *Gould v. Boston Excelsior Co.*, 91 Maine, 214; 17 Cyc. 741.)

The writing here is of a skeleton nature and is not one that can speak for itself. It does not show the relations of the parties nor that the lath mentioned was sold by one and purchased by the other. There is nothing showing obligation on the part of McElfresh nor consideration for the guaranty. Lath alone does not make a plastered wall and there is nothing in the writing about the kind of plaster that shall be put on or how or by whom the house shall be plastered. Indeed, there is nothing in the fragment of a contract about plaster. The testimony is that the lath was to be put on by a workman of appellant's selection and with his plastering materials and if it did not make a good wall he would relath and replaster it and put it in good condition. Now none of these things are included in the brief writing and they are not repugnant to so much as is in writing. It is incomplete on its face and the appellant apparently did not think it expressed the whole agreement for, after the writing was given and after the defects became apparent, he restated the terms of his original agreement and reaffirmed the conditions constituting the complete contract.

There was no error in the admission of the testimony,

none in the instructions challenged, and we find no ground for holding that the verdict was excessive or was given under the influence of passion and prejudice.

The judgment of the district court is affirmed.