No. 24,573.

THE KINSLEY MILLING COMPANY, *Appellant,* v. L. E. WAITE, *Appellee.*

SYLLABUS BY THE COURT.

1. SPECIFIC PERFORMANCE—*Sale of Elevator and Sheds—Parol Evidence—Understanding of Parties.* Where a vendor, on September 17, 1921, entered into an agreement to convey land on which was located an elevator and coal sheds, free and clear of all encumbrances, by good and sufficient warranty deed, all machinery of elevator to be put in first-class workable order before payment, consideration $10,000, and to give possession October first following; and where vendor is unable to deliver title until December 14, *held,* it was not error for the trial court to receive evidence showing that the parties understood said property was to be used for carrying on the grain business and that the grain business in that locality is limited chiefly to the late summer and fall.

2. SAME—*Defective Title—Mistake as to Ownership of Title.* Where, under circumstances as stated in paragraph 1 of the syllabus, a contract was entered into between parties under a mistake as to the ownership of title, and it was found that a considerable portion of the land to be conveyed

was an unvacated public street to which the vendor had no title, and where he was unable to perfect and deliver title until after the grain season, it was not error to deny the relief of specific performance.

3. SAME—*Specific Performance Rests in Sound Discretion of Court.* Specific performance is not a matter of right, but rests in the sound judicial discretion of the court, and where the trial court found that it would be inequitable to compel specific performance and where there was testimony to sustain said finding, the judgment will not be reversed.

4. SAME—*Written Contract—When Oral Evidence is Admissible.* Where a written contract is, on its face, obviously incomplete, parol evidence may be received, not to contradict or vary its terms, but to show the complete agreement of the parties. Following *Shire v. Bank* (*ante,* p. 690).

Appeal from Ford district court; LITTLETON M. DAY, judge. Opinion filed February 10, 1923. Affirmed.

*H. S. Rogers,* of Larned, and *A. L. Moffat,* of Kinsley, for the appellant.

*Carl Van Riper,* of Dodge City, *Bennett R. Wheeler, S. M. Brewster,* and *John L. Hunt,* all of Topeka, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: Plaintiff appeals from a judgment of the district court refusing to enforce specific performance of a contract for the sale of land on which was located an elevator and coal sheds. The contract was entered into on the 17th of September, 1921. By its terms plaintiff agreed to sell, and defendant agreed to buy, the real estate for a consideration of $10,000. Plaintiff was to furnish abstracts showing the property free and clear of all encumbrances and a good and sufficient warranty deed. Consideration to be paid when abstract was approved and deed delivered. Machinery in the elevator to be in first-class, workable order, and elevator to be cleaned up before payment made. Possession to be given on or before October 1.

The property was generally referred to as being a part of lots 1, 2, 3 and 4 and all of lot 5 in block 18 in the city of Kinsley, and all of the public street lying between block 18 and the right of way of the Santa Fe railroad.

Plaintiff transmitted abstracts covering said property to the defendant for examination sometime shortly after September 23. The abstracts, after examination, were returned to the plaintiff for correction. Later, after correction, defendant called the attention of plaintiff to the fact that a considerable portion of said public street, which was known as South Depot street, had never been vacated by the city.

On October 22, defendant notified plaintiff that he elected to consider the contract terminated because of inability of plaintiff to deliver title, and because of the delay, thus defeating the purpose for which defendant was purchasing the property. Sometime after this the city council vacated said public street, which adjoined the right of way of the Atchison, Topeka & Santa Fe railway. On the 6th day of December following, an action was filed by plaintiff against the Atchison, Topeka & Santa Fe Railway Company to quiet its title to said South Depot street. The railway company disclaimed any interest in said property, and judgment was rendered December 12, 1921, quieting plaintiff's title. The abstracts were then brought down to date and, on the 14th of December, plaintiff made tender to defendant of title, which was refused.

Complaint is made of the admission in evidence of conversations had between the parties prior to the execution of the written contract. These conversations, on which the court based part of its findings, were to the effect that the defendant desired the use of the elevator during the then grain season; that the grain season was principally during the months of August, September, October and November, and that it was agreed between plaintiff and defendant that the whole deal, including the examination of the abstract, delivery of deed and payment of the consideration, should be on or before October 1. It is ably argued that such conversations were not permissible because they varied the terms of the written contract.

We do not concur in plaintiff's contention. The contract was entered into on the 17th of September. It contained no statement as to the time within which plaintiff should show good title or deliver deed, though it did state that possession was to be given on the first of October following. We believe parol testimony was proper to ascertain the intention and understanding of the parties.

In *Bank v. Brigham,* 61 Kan. 727, 60 Pac. 754, it was held:

"The real nature and object of an instrument of writing, which, on its face, appears doubtful or ambiguous in meaning, may be shown by evidence of the inducing causes to the making of it and of the facts and circumstances surrounding the transaction and involving the parties in their execution of the paper." (Syl. ¶ 1.)

In *Evans v. McElfresh,* 85 Kan. 389, 116 Pac. 612, it was said:

"Where a writing is incomplete and shows on its face that all the stipulations between the parties were not included in it, parol proof of the omitted parts of the contract which are not repugnant to or inconsistent with the written portions may be introduced to supplement that which is written." (Syl.)

Where a written contract is, on its face, obviously incomplete, parol evidence may be received, not to contradict or vary its terms, but to show the complete agreement of the parties. Following *Shire v. Bank* (*ante*, p. 690).

In *Heskett v. Elevator Co.*, 81 Kan. 356, 105 Pac. 432, it was said:

"Parol proof cannot be received to enlarge, vary or contradict a complete written contract, but this rule is not applicable to a brief memorandum which, on its face, is obviously incomplete. As to such a writing, parol evidence may be received, not to contradict the writing, but to show the complete agreement of the parties of which the writing is only a part." (Syl. ¶ 1.)

The trial court found that both parties contemplated that the transfer should be completed on or before the first of October and that the nature of the property and the purposes for which it was being purchased were such that time of performance was, in fact, essential. At the time of entering into the contract it was the understanding of both parties that defendant desired the property for handling the grain business, and desired its use for the 1921 grain season; that the grain season in the Kinsley district was during the late summer and fall.

Both parties believed plaintiff had title to all of said real estate and that there would be no delay in closing the deal. It was a mutual mistake. It has been held that a *bona fide* mistake as to the ownership and title of the subject matter of a contract will cause equity to refuse specifically to enforce it.

In *Hatch v. Kizer et al.*, 140 Ill. 583, 585; 33 A. S. R., 258, the court said:

"In the first place, the contract itself, together with the abstract referred to in it, shows that the agreement between the parties was entered into under a mutual misapprehension as to the title to said lots. It shows that both parties understood that the legal title was in Kizer. It is not claimed that such mistake was the result of fraud or misconduct on the part of Kizer. He furnished an abstract of the title in connection with the agreement, which showed that the legal title was in another, although he honestly believed it was in himself. As the title proved to be in a third party, Kizer could not perform the contract on his part, neither could he have required Chrisholm to do so. Whatever might have been the rights of the parties in an action for a breach of the contract, a court of equity would not, on the admitted facts, decree a specific performance of it. The rule is that such a decree will not be entered unless the agreement has been made with 'perfect fairness, and without misapprehension, misrepresentation or oppression'; *Frisby et al., v. Ballance et al.*, 4 Scam. 299 [39 Am. Dec. 409]; *Bowman v. Cunningham*, 78 Ill. 48. 'To entitle a party to a decree for a performance of the agreement, it must be reasonable, fair and equitable. If wanting in any of these particulars, specific performance should

never be granted, for. it is only on the principle that it is unjust and inequitable to permit the contract to remain unexecuted, that a court of chancery assumes jurisdiction to enforce it': *Tammer v. Lavelle*, 92 Ill. 263; *Woods v. Evans*, 113 id. 186 [55 Am. Rep. 409]."

After making its findings, the trial court concluded, that, as "No sufficient title had been tendered during the time for performance, as contemplated by the parties, the defendant had a right to rescind." The defect in plaintiff's title was such that it was not in its power, by the ordinary course of law or equity, to make good title. Plaintiff could not compel the city of Kinsley to vacate the street. The fact that the city did vacate the street, after the expiration of the time for performance as contemplated by the parties, did not entitle the plaintiff to the relief sought.

There was disputed testimony as to whether defendant took possession of the property. The court found that, "The defendant. did not, at any time, enter into possession of said mill and elevator under said contract." There was evidence to sustain the finding, and it will not be disturbed.

We deem it unnecessary to discuss the evidence in detail. It was sufficient to sustain the findings of the trial court. The defendant wanted the property for use during the grain season. He did not desire to take possession unless plaintiff could deliver good title. He could not, on his part, have compelled the city to vacate the street, nor could he have compelled specific performance of the contract. Whether specific performance will be decreed rests always in the sound judicial discretion of the trial court. In *Shoop v. Burnside*, 78 Kan. 871, 98 Pac. 202, it was said:

"Specific performance is not a matter of right but of equity. A contract to sell or purchase may be regularly made, yet specific performance will not follow as a matter of course. (*Fowler v. Marshall*, 29 Kan. 665; *Bird v. Logan*, 35 Kan. 228, 10 Pac. 564). The application is addressed to the sound legal discretion of the court, and courts will be governed by the facts and circumstances of each case (*Reid v. Mix*, 63 Kan. 745, 66 Pac. 1021, 55 L. R. A. 706; *Viele v. Troy and Boston R. R. Co.*, 21 Barb. [N. Y.] 381). Although the proof might come far short of a showing sufficient to authorize the court to grant a rescission or cancellation of a contract, still on the same proof equity will often refuse to compel performance." (p. 875.)

The trial court made a specific finding to the effect that, "It would be inequitable to compel the defendant to take the property after the end of the grain season of 1921." We see no sufficient reason to disturb it. Judgment affirmed.