No. 36,171

MAURICE McGINN, *Appellant*, v. FRED S. HAYDEN, *Appellee*.

(152 P. 2d 803)

Opinion filed November 4, 1944.

*C. L. Foster*, of Sedgwick, was on the briefs for the appellant.

*J. Sidney Nye*, of Newton, argued the cause for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action to recover damages for breach of a written contract to sell a tractor and mower. Judgment was for the defendant. Plaintiff appeals.

The plaintiff is a farmer. The defendant is an implement dealer. The petition alleged that about the 11th of February, 1942, defendant sold to plaintiff the tractor and mower to be delivered sometime after March first; that the contract was in writing and was attached to the petition. It reads as follows:

"ORDER FOR FARM EQUIPMENT

"To Hayden Hardware

"Town Sedgwick,

"State, Kansas

"The undersigned hereby orders of you, subject to all of the conditions and agreements herein contained AND THE WARRANTY AND AGREEMENT PRINTED ON

THE REVERSE SIDE HEREOF, the following described Farm Equipment to be delivered on or about the..............................day of.................................................194..........
F. O. B.

> "I. M. Tractor complete with swing draw, bar, belt, Pulley, Power take off, Starter, Lights, Wheel wts, Frt. & Tire tax, antifreeze in tires Less old 22-36-I. H. C. tractor.
>
> Delivery price ................................................. $1100.00
> No. 16 H. M. Mower....................................... 100.00
> To be delivered some time after Mar. 1...................... 1100.00
> Total cash and Trade-in Sales Tax $22.00...:................ 1122.00

"The seller acknowledges receipt of a copy of this order, which, together with the warranty and agreements on the back thereof is understood to be the entire contract relating to the sale of the equipment covered by this order.

"MAURICE McGINN."

The petition further alleged that the sale price of the tractor and mower was $1,100 and one old 22-36-I. H. C. tractor; that plaintiff paid the defendant the sum of $102 on account of the purchase and it was understood that the rest of the price was to be paid when the new tractor and mower were delivered; that plaintiff was ready and willing to deliver the old tractor and make the payments but the defendant refused to deliver the tractor and mower to him; that plaintiff tendered the balance of the purchase price and the old tractor and requested delivery by defendant but defendant still refused to make such delivery. The petition then alleged because of this failure and refusal of defendant the plaintiff was compelled to pay $225 more for a tractor than the price at which he had purchased these items from the defendant; that he was obliged to hire a tractor and mower for $100 to care for some of his crops. Judgment was asked for $426 on account of these damages and the payment of $102 which plaintiff had made.

The defendant answered admitting the execution of the contract and, further, alleging that the agreement was ambiguous; did not express the full agreement of the parties and was subject to explanation and clarification in that during the negotiations for such sale it was specifically understood between the parties that the "old 22-36—I. H. C. tractor" was to be "on rubber," and that at the time of the negotiations the plaintiff owned and had in his possession an old 22-36—I. H. C. tractor on rubber; that thereafter plaintiff tendered defendant an old 22-36—I. H. C. tractor with metal treads instead of one on rubber—whereupon defendant demanded of plaintiff in accordance with their agreement the delivery of the tractor on

rubber, which plaintiff refused to deliver. The $102 paid by plaintiff at the time the contract was made was tendered into court. The answer asked that the court find that the instrument attached to plaintiff's petition and marked "Exhibit A" be held to be ambiguous and subject to explanation and that the plaintiff take nothing.

In reply the plaintiff filed a general denial. The cause was submitted to the trial court without a jury. The court heard the evidence and found the issues of fact generally in favor of defendant and against the plaintiff. The court further found that the defendant prior to the beginning of the action tendered plaintiff the sum of $102 and upon the filing thereof paid the money into court, and it was ordered that that amount be paid by the clerk of the court to the plaintiff.

The plaintiff filed a motion for new trial, which was overruled and judgment entered for defendant—hence this appeal.

This action turns in a large measure on the words "Less old 22-36-I. H. C. tractor" in the contract.

The court admitted evidence over the objection of the plaintiff that when the parties were negotiating for the contract it was understood by both of them that the old tractor, which was to be traded in on the new one by plaintiff, was to have rubber tires or, as they say in the trade, be on rubber. The plaintiff argues that this was error because its effect was to vary the terms of a written contract. The defendant alleged in his answer that the written contract was ambiguous and did not express the full agreement of the parties. This allegation was denied by plaintiff. When the trial court found the issues generally in favor of the defendant the effect of this was the same as though the court had found specifically that the contract was ambiguous.

It appears that I. H. C. tractors are not originally equipped with rubber tires. Farmers put rubber tires on them when they wish them to be so equipped. The value of a tractor is thus enhanced by as much as the rubber tires are worth. At the time of the negotiations plaintiff had three tractors which answered the description in the contract. Two of them had rubber tires and one did not. There was some evidence from which the court would have been warranted in finding that the tractor which plaintiff attempted to deliver without rubber tires had them at the time the contract was consummated.

The rule is very well stated in *Evans v. McElfresh*, 85 Kan. 389, 116 Pac. 612, as follows:

"Where a writing is incomplete and shows on its face that all the stipulations between the parties were not included in it, parol proof of the omitted parts of the contract which are not repugnant to or inconsistent with the written portions may be introduced to supplement that which is written." (Syl.)

See, also, *Milling Co. v. Waite,* 112 Kan. 809, 213 Pac. 160. In *Heskett v. Elevator Co.,* 81 Kan. 356, 105 Pac. 432, we said:

"Parol proof cannot be received to enlarge, vary or contradict a complete written contract, but this rule is not applicable to a brief memorandum which, on its face, is obviously incomplete. As to such a writing, parol evidence may be received, not to contradict the writing, but to show the complete agreement of the parties of which the writing is only a part." (Syl. ¶ 1.)

The trial court was warranted in finding from the evidence that the parties had agreed that the tractor the plaintiff was to trade in was to have rubber tires. While this detail was not in the written agreement it was proper for the trial court to hear evidence on that point.

The judgment of the trial court is affirmed.