The Wichita University of the Reformed Church in the United States v. Henry Schweiter et al.

1. Guaranty, Condition of—*Collateral Agreement—Construction.* Where various parties sign and execute a written instrument reciting, among other things, that "Whereas, divers persons have undertaken and promise to pay and secure to the Wichita University of the Reformed church in the United States, as a building fund, the sum of $25,000, to be paid as follows: 25 per cent. on the completion of the foundation of the proposed university building, 25 per cent. when the walls of the building are completed, 25 per cent. when the building is under roof, and the remaining 25 per cent. on the completion of the building: Now, therefore, we, the undersigned, hereby bind ourselves, jointly and severally, to the board of trustees of said university that the full sum of $25,000 shall be paid in the time and

manner above mentioned:" *Held*, That it was competent for the signers thereof, when sued upon the writing, to show by parol that such instrument was a guaranty or collateral agreement to a written subscription of "divers persons" to the Wichita University for $25,000, signed prior to the execution of the guaranty. When one contract refers to another, the two should be construed together in order to determine the nature of the obligations thereby imposed.

2. PLEADINGS— *Contracts, Evidence to Explain.* Where an action is brought by the plaintiff to recover a balance of money alleged to be due upon a bond or written obligation executed by the defendants, and the defendants in their answer allege that the written instrument sued upon was given as a guaranty of the performance of another written instrument or subscription list, executed by "divers persons" therein mentioned, and further allege that the persons signing such other written instrument or subscription list had fully paid and complied with all the terms thereof, and thereby that the written guaranty had been fully released and discharged, and where to such an answer the plaintiff files a reply containing a general denial of the allegations therein, *held*, that after the defendants under their answer had offered evidence tending to show that the written bond or obligation sued upon referred to another written instrument or subscription list, and that such subscription list had been fully paid and performed according to its terms, it was competent for the plaintiff to show fully that the payments or conveyances made by the parties who had signed the subscription list were made by them to the plaintiff without any reference to or in connection with the subscription, and were made or donated upon another and wholly different contract.

## *Error from Sedgwick Court of Common Pleas.*

THIS action was brought on the 29th day of May, 1888, by the *Wichita University* of the Reformed church in the United States against *Henry Schweiter*, M. C. Hutchings, W. S. Dixon, John F. Stites and Wilbur Stites, under the name of Stites Bros., and C. S. Eichholtz, to recover $8,405.15, claimed to be due on the following written instrument:

"WICHITA, KAS., November 22, 1886.

"WHEREAS, Divers persons have undertaken and promised to pay and secure to the Wichita University of the Reformed church in the United States, as a building fund, the sum of $25,000, to be paid as follows, to wit: 25 per cent of said sum on the completion of the foundation of the proposed university building, 25 per cent when the walls of said build-

43—50 KAS.

ing are completed, 25 per cent. when building is under roof, and the remaining 25 per cent. on the completion of the building:

NOW, THEREFORE, We, the undersigned, hereby bind ourselves, jointly and severally, to the board of trustees of said university that the full sum of $25,000 shall be paid in the time and manner above mentioned, and for the payment thereof we hereby bind ourselves, and our heirs, to the faithful payment of said sum; and in default of such payment, the said sum, or the part thereof on default, may be recovered in an action brought for that purpose.

(Signed) HENRY SCHWEITER.
    C. S. EICHHOLTZ.
    W. S. DIXON.
    STITES BROS.
    M. C. HUTCHINGS."

The defendants answered, and alleged that the writing sued on was executed to guarantee the payment of certain subscriptions made by "divers parties," a copy of which is as follows:

"We, the undersigned, promise to pay the sums set opposite our respective names, donated for the purpose of erecting a college building for the Reformed church, to the treasurer of the board of trustees of said college hereafter elected; said building to be built and maintained on 'College Hill,' on the half-section line between the real estate now owned by C. C. Fees and H. L. Hill, in section 26, township 27, range 1 east, in Sedgwick county, Kansas. The said building to be constructed of brick and stone, at an estimated cost of $25,-000. The subscriptions hereto are to be paid as follows: 25 per cent. on the completion of the foundation of said building; 25 per cent when the walls are built to second story; 25 per cent. when the building is under roof; and the remainder on completion of the building.

| | |
|---|---:|
| C. C. Fees, 20 acres of land, valued | $10,000 00 |
| C. S. Eichholtz | 1,000 00 |
| Henry Schweiter | 3,000 00 |
| H. L. Hill, 10 acres of land, valued | 5,000 00 |
| Augustus Knight | 500 00 |
| M. C. Hutchings | 500 00 |
| Moore & Harris | 500 00 |
| A. C. Payne | 500 00 |
| Mary B. Allman | 1,000 00 |
| W. S. Dixon | 1,000 00 |
| Geo. H. Blackwelder | 500 00 |

| | | |
|---|---|---|
| M. L. Henshaw, two lots, Lincoln street addition.......... | 400 | 00 |
| C. Teter, one acre of land, or........................... | 200 | 00 |
| C. S. Eichholtz, "extra"................................ | 250 | 00 |
| Geo. L. Rouse......................................... | 100 | 00 |
| G. W. Bartholomew..................................... | 100 | 00 |
| F. S. Smith .......................................... | 100 | 00 |
| Merriam Park & Co... ................................. | 300 | 00 |
| Chas. H. Hunter....................................... | 100 | 00 |
| Geo. W. Knorr........................................ | 100 | 00 |
| Wm. Gould (when I sell enough off either farm) .......... | 200 | 00 |
| Arthur Disbrow, one acre of land, or..................... | 200 | 00 |
| Hardy Solomon ....................................... | 50 | 00 |
| I. H. Black.............................................. | 100 | 00 |
| W. C. Newcomb....................................... | 100 | 00 |
| A. E. Shober.......................................... | 100 | 00 |
| J. C. Richie .......................................... | 100 | 00 |
| J. F. Sullivan......................................... | 50 | 00 |
| John B. Miltner....................................... | 100 | 00 |
| J. C. Rutan .......................................... | 50 | 00 |
| M. R. Mosen.......................................... | 50 | 00 |
| J. C. Schumacker...................................... | 50 | 00 |

The petition further alleged, that the contract of subscription had been fully performed according to the terms thereof, and therefore that the guaranty of the defendants had been fully discharged. Trial before the court with a jury. The instructions given to the jury were as follows:

"1. You are instructed that the written instrument on which this suit is brought is in legal effect a guaranty that the persons who had theretofore agreed to contribute certain amounts for the erection of the university building of the plaintiff would perform the terms of such subscription and promises according to the terms of the subscription. The liability of the defendants as signers of the instrument sued upon is to be determined by the terms and provisions of the instrument itself and the subscription referred to in it, taken together. Evidence has been introduced sufficient to show that the subscription introduced in evidence is the subscription referred to in the instrument sued upon.

"2. By the terms of that subscription and the bond sued on, construed together, $15,000 of the amount which the defendants guaranteed should be paid to the plaintiff for the erection of its university building was to be paid in land.

"3. If you find that any portion of the land subscribed and referred to in said subscription paper has been conveyed to plaintiff, then such conveyance would operate to extinguish and discharge the liability of the defendants upon the instrument sued on to the extent of the value of the land so conveyed, as stated in the subscription.

"4. And if you further find that the value of the land so conveyed, as stated in the subscription, together with the sums of money paid by the subscribers, equals the amount which was due and payable at the time of the commencement of the action, as specified in the instrument sued on, then you should find for the defendants.

"5. The defendants claim that some of the subscribers to said fund subscribed certain real estate at the value fixed in the said subscription. If you find such to be the case, and further find that the directors of said university received the said land, and appropriated it to the uses of the said university, then they will be held to account for the same at the value which had been fixed thereon by the terms of said subscription, and the defendants would be entitled to have the same credited to their account in the settlement of any liability that might accrue under the undertaking above mentioned. And although you may find that the plaintiff, after having received said land so subscribed, failed to convert the same into money for the purpose of being used as a building fund, but determined to use the same, and did use the same, as a *campus* for its university, it would nevertheless be held to account to said defendants for the value thereof as fixed in the said subscription. And upon the consideration of the whole case, if you find from the evidence that the land received by the plaintiff under said subscription, at the values fixed therein, with the cash received by the plaintiff from said subscription, equaled or exceeded the amount due by the terms of each undertaking at the commencement of this action, then you must find for the defendants.

"6. You are instructed that the burden of proof is upon the defendants to establish the fact that plaintiff was to look to said subscription list as the means by which to procure its building fund, and was not to look to the bond sued on except as a security or guaranty that the promises made in said subscription list should be performed.

"7. You are further instructed, that plaintiff must prove its case by a preponderance of the evidence. If the evidence is equally balanced, you will find for defendants.

"8. You are further instructed, that you are the judges of the credibility of the witnesses and the weight to be attached to the testimony of each and all of them. You are not bound to take the testimony of any witness as absolutely true, and you should not do so if you are satisfied from all the facts and circumstances proven at the trial that said witness is

mistaken in what is testified to by him, or if for any reason you consider his testimony is untrue or unreliable."

The jury returned a verdict for the defendants, and subsequently judgment was rendered in their favor for costs. The plaintiff excepted, and brings the case here.

*Harris & Vermilion*, and *Bridenbaugh & Rauch*, for plaintiff in error.

*Stanley & Hume*, and *Dale & Wall*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: It is contended that the trial court committed error in permitting the defendants to introduce testimony to identify the subscription list donating money and land to the Wichita University of the Reformed church, and thereby tending to show that the written instrument signed by the defendants on November 22, 1886, was given as a guaranty of the performance of the terms of the subscription; and it is further contended, that the court erred in construing the written instrument sued on in connection with the subscription as a guaranty or collateral agreement. It was claimed upon the part of the plaintiff that the instrument sued on was an independent agreement. On the part of the defendants, it was claimed that the instrument was a guaranty or collateral agreement only, and that the subscribers had fully performed the conditions of the subscription in the time and manner set forth in both instruments, and therefore that they were not liable. Upon the issues of the case, we think the court committed no error in permitting the defendants to identify the subscription list, executed prior to the written instrument of November 22, 1886, as the instrument or paper referred to in the guaranty or collateral agreement. The language of the writing sued on refers to what "divers persons had undertaken and promised;" and this instrument guarantees that said sum "shall be paid in the time and manner above mentioned." The evidence is uncontradicted that no other subscription paper was executed or signed than the one

referred to in the answer. The court therefore committed no material error in stating that the written instrument sued on was "in legal effect a guaranty that the persons who had theretofore agreed to contribute certain moneys for the erection of the university building of the Reformed church would comply with the terms of the subscription." After the defendants had established by the evidence — as we think, conclusively — that the instrument sued on was only a guaranty to the subscription list, they then offered testimony that the parties signing the subscription paper had fully complied with the terms thereof; that C. C. Fees, who subscribed 20 acres of land, and H. L. Hill, who subscribed 10 acres of land, conveyed the lands in full satisfaction of their subscriptions. The plaintiff offered to show that the Fees and Hill lands were donated for a college *campus*, and not conveyed in payment of the subscription made by them, nor under the terms thereof. As the defendants were permitted to offer testimony tending to show that the parties on the subscription list conveyed all the lands therein stated to the plaintiff in satisfaction of the subscription, it was also competent for the plaintiff to show that the lands so conveyed were not in satisfaction of the subscription, but were transferred under a different agreement between the plaintiff and the parties making the conveyances. It is contended that the plaintiff was not permitted to show fully that such conveyances were made without any reference to or connection with the subscription. In answer to this contention, the defendants say that —

"The plaintiff having repudiated the whole idea of the subscription being the original undertaking, and having from the first assumed that the subscription had no connection whatever with the instrument sued on, could not pursue the same line of evidence in support of its case that defendants pursued in making their defense. In other words, the theory of the plaintiff and that of defendants in relation to the construction of the instrument sued on being wholly different, it would be altogether proper for either party to pursue a line of evidence in support of its theory of the case which the other party, pursuing an altogether different theory, would not be allowed to offer."

This is not a correct statement of the law as applicable to this case. Even if the written instrument sued upon was executed as a guaranty only, the plaintiff was entitled to recover any balance due thereon, unless the terms of the subscription had been fully performed. To defeat the plaintiff, it was not only necessary to show that the written instrument was a guaranty or collateral contract, but the defendants had to go further, and prove that the subscription had been discharged by performance. Of course, if the plaintiff accepted any money or any land conveyed in full discharge of the terms of such subscirption, it would be immaterial whether such subscriber had paid in full or not; but, in the absence of such acceptance and discharge, it would be incumbent upon the defendants to prove a full compliance by each party on the subscription list. This would include proof that the land conveyed was the same as that referred to in the subscription list, or that it was of the value therein stated. Therefore the plaintiff had the right to show that the land conveyed had no connection with the subscription alleged in the answer, and was made by the parties to the subscription list upon another or different contract.

On account of the refusal of the court to permit the plaintiff to show fully that the conveyances of land referred to in the defendants' testimony were not made on account of the subscription, nor with reference thereto, the cause will be remanded for a new trial.

JOHNSTON, J., concurring.

ALLEN, J., not sitting.