NICHOLS & SHEPARD COMPANY V. W. P. MAXSON *et al.*
No. 15,176.　(92 Pac. 545.)

SYLLABUS BY THE COURT.

1. WRITTEN CONTRACT OF SALE — *General Warranty — Parol Evidence.* A written contract for the sale of a thrashing-machine contained a general warranty, in the following words: "That said machinery is well made, of good materials, and, with proper management, capable of doing well the work for which the machines respectively are made and sold." Nothing in the contract showed the nature of the machine or the purpose for which it was made or sold. *Held,* parol evidence was admissible to prove that it was made and sold for the purpose of being used to thrash all kinds of grain.

2. ———— *Modification — Limitation — Oral Agreement.* The same contract contained the following provision: "After the machinery mentioned herein is delivered to the purchaser all subsequent contracts relating thereto or in anywise affecting this warranty, or the return of the machinery thereunder, must be in writing, and must, in order to bind the company, be signed by its president." *Held,* that the company could not thereby devest itself of the power to make a subsequent contract by parol or to waive any condition of the contract made for its benefit.

Error from Morris district court; OSCAR L. MOORE, judge. Opinion filed November 9, 1907. Affirmed.

*Nicholson & Pirtle,* for plaintiff in error.

*Lambert & Huggins,* and *John Maloy,* for defendants in error.

·The opinion of the court was delivered by

PORTER, J.: In June, 1901, the Nichols & Shepard Company sold a thrashing-machine to W. P. Maxson for $540, in payment of which he gave two promissory notes, with P. B. Maxson as surety. The notes matured November 1, 1901, and 1902, respectively. The first was paid one month after it became due. This .action was brought August 22, 1905, to recover a balance due upon the second note, after crediting a small sum received by the company from a sale of the ma- ·chine under a chattel mortgage. The defense set up a breach of warranty, and a claim for damages. The reply set out a copy of the written contract, and ·claimed an express warranty, and failure of the purchaser to give notice of defects according to the terms thereof. The jury returned a verdict in defendants' favor of $5, and judgment was rendered thereon, which it is sought in this proceeding to reverse.

The court permitted defendants to offer oral testimony as to the different kinds of grain the salesman represented that the machine would thrash. Plaintiff complains that this varied the terms of the written agreement, which reads as follows: "That said ma- ·chinery is well made, of good materials, and, with proper management, capable of doing well the work for which the machines respectively are made and sold." The contract is upon a form for general use in the sale of any and all kinds of machinery. From ·anything stated in the contract itself the machine sold in this instance might have been designed to do the work of drilling oil-wells, sawing wood or separa- ·ting cream. Nothing is said of thrashing grain. Testimony showing for what work the machine was made and sold was necessary and competent. The objection ·to the evidence was limited to one ground: "that the written contract shows what the machine was repre- ·sented to do."

The contract stipulated that if within five days from its first use the machine failed to fulfil the warranty written notice should immediately be given by the purchaser to the plaintiff. Defendants conceded that the machine thrashed wheat and oats satisfactorily, but claimed and proved that it failed to thrash flax and alfalfa properly; that there was no flax to thrash until September, and no alfalfa thrashing until October; and that these defects were not discoverable or known until then. We think the court gave the only reasonable and proper construction to this provision in holding that it only required the purchaser to give notice of the defects within five days from the first opportunity to discover what defects existed. The contract provided that notice of defects in accordance with the terms of the contract should be a condition precedent to the right to rely upon a breach of warranty. It is insisted that there was no evidence to show compliance therewith, and that the demurrer to defendants' testimony should have been sustained. W. P. Maxson testified that within three days after the first attempt to thrash flax he mailed a registered letter to the company at Battle Creek notifying it of the defects. It is true that upon cross-examination he was somewhat uncertain about this, but the general verdict is conclusive on the question.

M. M. Bowlus, an adjuster and collector who sometimes sold machines and who sold this particular machine, was sent by the company in December, 1901, to collect the first note. The court permitted defendant W. P. Maxson to prove that Bowlus promised at this time that if the first note were paid the company would at once send certain repairs, and in the following spring would send an expert who would put the machine in repair, and that after thus being overhauled it would thrash all kinds of grain as well as any machine could; that in reliance upon these promises the note was paid and the machine retained;

that repairs, or some of them, were at once sent by the company, but that it failed to send the expert to overhaul the machine and make it comply with the warranty; and that for these reasons defendant W. P. Maxson refused to pay the second note. This testimony was objected to, and the claim of error is based upon a provision of the contract, as follows:

"After the machinery mentioned herein is delivered to the purchaser all subsequent contracts relating thereto or in anywise affecting this warranty, or the return of the machinery thereunder, must be in writing, and must, in order to bind the company, be signed by its president."

The proposition insisted upon is that the written contract prevented any subsequent contract between the parties except in writing, signed by the president of the company. To this we cannot yield assent. Plaintiff is a corporation, and can only act through its agents. It sent an agent to collect the note who testified that for twenty-five years he had been an adjuster and collector of the company, and had sold this machine. At the time he was sent the company had received a number of letters from W. P. Maxson informing it that the machine had proved defective; that he would not keep or pay for it; and the company also knew that he claimed to have given the notice of defects required in the contract. With this information the company sent its adjuster to collect one of the notes, relying upon having tied its own hands by the written contract so as to devest itself of authority orally to make another contract or to vary the terms of the original except by a writing signed by its president. This would enable it to take advantage of the benefits derived from representations and conduct of its agents, and would be unconscionable. (*Victor Sewing Machine Co. v. Rheinschild,* 25 Kan. 534; *Insurance Co. v. Gray,* 43 Kan. 497, 23 Pac. 637, 8 L. R. A. 70, 19 Am. St. Rep. 150, and cases cited.) Speaking of a similar provision the court, in *National Bank v.*

*Dutcher,* 128 Iowa, 413, 104 N. W. 497, 1 L. R. A., n. s., 142, said:

"Nor is the application of this rule to be avoided by the clause of the contract providing that 'no person has any authority to add to, abridge, or change this warranty in any manner.' The proposition is entirely too broad and sweeping to be effective. . . . The appellant is a corporation, which can act only through agents and employees. It cannot devest itself of the power to waive a condition made for its benefit, and that power can be exercised only through some agent." (Page 419.)

The evidence was, therefore, admissible to prove a waiver of the condition in reference to notice in respect to the return of the machine, and to establish a subsequent parol contract. As to the authority of Bowlus to act for the company, we think the case is within the principle of *Insurance Co. v. Gray,* 43 Kan. 497, 23 Pac. 637, 8 L. R. A. 70, 19 Am. St. Rep. 150, and the other cases cited, *supra.*

We find no error in the instructions as to the measure of damages. Defendants relied upon a contract varied by a subsequent oral contract. There was sufficient evidence of a waiver of notice and of other conditions to warrant instruction No. 12. What has been said in reference to the provision requiring all subsequent contracts in relation to the machine to be in writing disposes of the objections to instruction No. 13. We find nothing substantial in the other claims of error in the instructions or in the admission of evidence. The case was one of facts for the determination of a jury, and as there was some evidence to support the verdict the judgment is affirmed.