B. F. HESKETT, *Appellee*, v. THE BORDER QUEEN MILL AND ELEVATOR COMPANY, *Appellant*.

No. 16,211.

SYLLABUS BY THE COURT.

1. WRITTEN AGREEMENT—*Memorandum—Parol Evidence.* Parol proof can not be received to enlarge, vary or contradict a complete written contract, but this rule is not applicable to a brief memorandum which on its face is obviously incomplete. As to such a writing parol evidence may be received, not to contradict the writing, but to show the complete agreement of the parties of which the writing is only a part.

2. PLEADINGS—*Departure.* The plaintiff pleaded in his petition that an oral contract made with defendant had been violated. In the answer the defendant alleged that the contract was in writing, and set up a brief memorandum. The reply admitted the signing of the memorandum, but alleged that it was only a part of the contract, and, continuing, set forth the remaining stipulations of the entire contract, which were not in writing. *Held,* that the facts set forth in the reply did not constitute a departure.

Appeal from Sumner district court; CARROLL L. SWARTS, judge. Opinion filed December 11, 1909. Affirmed.

*Parker & Simons, James Lawrence,* and *Levi Ferguson,* for the appellant.

*W. W. Schwinn,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: B. F. Heskett brought this action against the Border Queen Mill and Elevator Company to recover damages for the breach of a contract, and in his petition alleged that on October 22, 1907, the defendant purchased from him 2500 bushels of wheat of a certain grade for $1 per bushel, to be delivered at Riverdale between that date and November 1, 1907, into cars procured by the defendant. It was averred that the defendant failed to perform its contract or receive or pay for the wheat, and on November 4, 1907, repudiated the contract, at which time the value of the wheat had decreased to 80 cents per bushel. To recover the difference between the agreed price of the wheat and its market value when the defendant refused to take it this action was brought. In the petition it was alleged that the contract for the sale of the wheat was an oral one. The answer alleged that the contract was in writing, and that the plaintiff failed to perform his part in it. The following is the writing:

"October 22, 1907.
"I, B. F. Heskett, of Riverdale, Kan., have sold to the Border Queen Mill and Elevator Company of Caldwell, Kan., in the neighborhood of 5000 bushels of wheat, at $1 per bushel, wheat to be sound and sweet and to test from 58 and up, no wheat to be lower than 57—57 wheat to be one cent less, to be delivered between October 23 and November 1.          B. F. HESKETT."

The reply admitted that the plaintiff signed the writing and alleged that it was made in part for the benefit of others; that it was incomplete, and that it was only a part of an agreement, which, among other things, provided that the defendant should procure cars in which to ship the wheat and cause them to be set on a sidetrack of the railroad at Riverdale, into which the

plaintiff should deliver the wheat, but that the defendant had failed and refused to take any of the wheat as the contract provided. The plaintiff recovered, and the defendant is here complaining that the pleading of an oral contract in the petition and the acknowledgment in the reply that there was a written one constitutes a departure, and that proof of stipulations not contained in the writing was improperly admitted.

There was no departure. While the plaintiff alleged that the contract between the parties was oral, the answer and the reply developed the fact that the contract was partly oral and partly in writing. Only one contract was involved, and but one cause of action pleaded. The grounds of recovery set forth in the plaintiff's petition were not enlarged by his reply. Embraced in the oral contract which he set up was a brief, incomplete memorandum, and to have been strictly accurate this fact should have been stated in the petition. The reply, however, contained nothing inconsistent with the petition, but only pleaded the contract in issue with more particularity.

Nor is there any ground for the complaint that testimony was received which varied or added to a written contract. The general rule is, as the defendant contends, that parol evidence is not admissible to enlarge, vary or contradict a written contract. This rule, however, does not preclude parol proof of an independent, contemporaneous oral contract which does not conflict with or contradict the written one, and where a written contract is ambiguous and open to two constructions parol testimony of surrounding circumstances is admissible to show which construction should obtain. (*Babcock v. Deford,* 14 Kan. 408; *Weeks v. Medler,* 20 Kan. 57; *Brown v. Shields,* 78 Kan. 305.) The rule in question is not applicable to an obviously incomplete contract. Of course, if a contract on its face appears to be complete, and to include all the mutual agreements of the parties, parol evidence will not be received to add to, take from

or change it. If the writing, however, is no more than a skeleton of an agreement, or if it is, as in this case, a brief, informal and manifestly incomplete memorandum, parol proof not inconsistent with the writing, showing the complete contract, may be received. (*Aultman, Miller & Co. v. Clifford,* 55 Minn. 159; *Jamestown Business College Assn. v. Allen,* 172 N. Y. 291; *Gould v. Boston Excelsior Co.,* 91 Maine, 214; *Guidery v. Green,* 95 Cal. 630; *Forsyth Mfg. Co. v. Castlen,* 112 Ga. 199; 2 Page, Cont., § 1199.)

The writing in question, as will be observed, is of a brief and skeleton nature, and does not purport to be a complete, formal contract, giving the promises of both parties. It is signed by the seller only. The quantity of wheat purchased is indefinite. The standard by which the wheat was to be tested is ambiguous, and no provision was made as to the means or place of delivery. It indicates that the seller lives at Riverdale and the buyer at Caldwell, places which we know are about thirty miles apart. Was the seller to haul and deliver the wheat at the defendant's mill in Caldwell, or to some elevator or warehouse near his farm, or was he to haul it to Riverdale, the nearest station to the farm, or was the defendant to come to the plaintiff's farm and haul it to its mill? These were important conditions which the memorandum did not include, and it is plain that it is incomplete. Brief informal memorandums of sale of this kind are not uncommon in the commercial world, and, like receipts, they do not purport to express the entire agreement, and hence parol evidence is permissible to show the undertakings of both parties and the whole contract, of which the memorandum is only a part. Now, it is specifically agreed that the wheat was to be delivered by the plaintiff at Riverdale in cars to be procured by the defendant. No cars were procured, and the defendant failed to take and pay for the wheat, as it had agreed to do. Proof of this and other stipulations did not contradict or conflict with the

terms of the writing. The proof, including that relating to the agency of Hickman, who negotiated the purchase, appears to have been sufficient to sustain the findings and judgment, and we discover nothing substantial in the other objections of the defendant.

The judgment is affirmed.