No. 22,007.

THE FISHER MACHINE WORKS COMPANY, *Appellant*, v. NATHANIEL SINGLETARY and W. H. LAMBRIGHT, Partners, etc., *Appellees.*

SYLLABUS BY THE COURT.

1. SALE — *Ice Plant — Indefinite Written Contract — Parol Evidence — Fraudulent Representations.* A proposal by plaintiff to sell an ice plant, which was signed by the defendants, is held to be so indefinite and ambiguous that it cannot be regarded as a complete contract, and hence in an action thereon parol evidence may be received, not to contradict the writing, but to show the complete agreement, including any fraudulent representations made and the inducing causes to the making of the agreement.

2. SAME—*Pleadings—Issue of Fraud.* Under the pleadings herein the question of fraud was in issue and evidence thereon was admissible.

3. SAME — *Trial — Reopened for Further Testimony — Admissions—Judicial Discretion.* After the parties announced that they had rested, the court allowed the case to be reopened and further testimony to be introduced in respect to the value of the ice plant. Plaintiff objected upon the ground that their witnesses upon that subject had left the court, and their evidence to meet that of the defendants was not then available. Defendants then stated that they would concede that plaintiff's absent witnesses, if present, would testify that the property was of the full value claimed by the plaintiff. *Held,* that there was no abuse of discretion shown in the ruling reopening the case.

4. TRIAL—*Instructions.* Certain challenged instructions of the court examined, and held to be without prejudicial error, and also that the refusal of one requested instruction afforded no ground for reversal.

5. SAME—*Evidence—Verdict.* Evidence examined and held to be sufficient to support the verdict of the jury.

Machine Works Co. v. Singletary.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISCHER, judge. Opinion filed March 8, 1919. Affirmed.

*W. W. Hooper,* of Leavenworth, and *A. L. Berger,* of Kansas City, for the appellant.

*I. F. Bradley,* of Kansas City, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by plaintiff to recover from defendants $4,000, alleged to be due upon forty promissory notes executed by them, and also to foreclose a chattel mortgage given to secure the notes upon an ice plant which they had purchased from the plaintiff. The execution of the notes and mortgage was conceded, but the defendants alleged that the ice plant purchased by them of plaintiff did not conform to the representations made by the plaintiff in the sale and on which defendants relied; that it was defective and unfit for the purpose for which it was purchased, and that damages resulted from the false representations, also from the setting up of the defective plant, and from the attempt to operate it, for which a recovery was asked. The jury awarded the defendants damages in the sum of $1, and plaintiff appeals.

It appears that plaintiff presented and defendants signed a proposal to sell an ice plant, and plaintiff contends that it constituted a contract, and that parol evidence as to the agreement by the parties or representations made by plaintiff prior to the signing of the agreement was not admissible or of any force in determining the rights of the parties. The writing is a mere proposal, and apparently is only a skeleton of an agreement. It is so obviously incomplete that it cannot be regarded as embracing all the stipulations of the parties. In it plaintiff proposed to sell and furnish an ice or refrigerating plant, and as an example of the items of the proposal, the following may be mentioned:

"Compressor—One 7½ x 8 cylinder compressor, all complete with by-pass connections, suction and discharge stop valves. All ready for connection to high and low side.

.   .   .   .   .   .   .   .   .   .   .   .   .

"Brine Tank—One steel brine tank size 10 x 24 x 48 or of sufficient size to hold 80 ice cans 300 pounds capacity, which we will also furnish to-

gether with sufficient standard black pipe and headers for expansion coils. All fittings and expansion for this tank and connections to the machine will be furnished. All insulation, if any required, will be furnished by the seller for tank and storage room.

"Hoist and Crane—One hand, hoist life. . . . One.

"Ice Dump—One.

. . . . . . . . . . . . .

"Power: To be furnished by seller which shall consist of the following: 25 H. P. motor.

"Line Shaft Pulleys and Belt: To be furnished by seller.

. . . . . . . . . . . . .

"Foundation and Carpenter Work: To be furnished by purchaser.

"Piping for Storage Room: All pipe and fittings for a room size 10 x 24 x 8.

"Water and Connections: The purchaser shall furnish ample desirable water and fuel to the machine condensor and tank at all times, and the capacity of this plant based on a 24 hour per day run.

"Brine Pump: One rotary brine circulating pump of ample capacity.

"Brine Cooler: One.

"Special: One Fisher Raw Water System, 1 pump and pump jack.

"Foundation Plans: We will, if necessary, furnish plans.

. . . . . . . . . . . . .

"Erecting Engineer—We will furnish our erecting engineer at 00 dollars per day, to install this plant. You are to furnish all additional labor, help and appliances required and R. R. fare.

"Guarantee—We will guarantee each and every part of the above to be the very best material and workmanship, and free from all defects of labor or material, and we hereby agree to replace any part that proves defective or faulty, free of charge our work within one year, unless caused by gross negligence on the part of the operator of machine and further guarantee said machine to do work satisfactorily.

"Price: We will furnish the above outfit as specified. All for the sum of $6,000.00.

"Terms: Shall be as follows: $1,500 cash when this contract is accepted, notes and $500 on bill of lading, subject to sight draft. The balance as follows: One hundred per month until paid for.

"Said notes, if any, to be bankable and are to bear interest at 8 per cent per annum from date."

There were statements to the effect that plaintiff was to retain title in the plant until it was paid for in cash. It was also specified that the contract was contingent on strikes and delays, and that the company should not be held liable for any damages on account of delays while making any changes, and that no "verbal agreement recognized." There was also an item that the purchaser would keep the machinery insured.

In the items so·briefly and blindly stated nothing is said about the size or quality of the appliances mentioned. Provision is made that some are to be furnished by plaintiff, some by defendants,.and quite a number of others are described in an indefinite way without specifying by whom they are to be furnished. The sum to be paid the erecting engineer for installing the plant is not given, and the amount of the railroad fare to be paid is not stated. It does not contain a statement of the quantity of ice that can be made in a day or other period by the plant, nor the cost of production per ton or other measure. In an item that the company will not be liable for delays on account of strikes or causes beyond its control there is included the statement that "no verbal agreements recognized." But altogether the proposal is so brief, fragmentary and indefinite that it cannot be regarded as a complete expression of the stipulations of the parties. It is only a brief memorandum, an incomplete agreement, and the rule invoked by plaintiff that it cannot be added to, varied, or contradicted, does not apply. As to a memorandum it has been said:

"Parol proof cannot be received to enlarge, vary or contradict a complete written contract, but this rule is not applicable to a brief memorandum which on its face is obviously incomplete. As to such a writing parol evidence may be received, not to contradict the writing, but to show the complete agreement of the parties of which the writing is only a part." (*Heskett v. Elevator Co.*, 81 Kan. 356, syl. ¶ 1, 105 Pac. 432.)

(See, also, *Cattle Co. v. Guthrie,* 56 Kan. 754, 44 Pac. 984; *Bank v. Brigham,* 61 Kan. 727, 60 Pac. 754.)

The entire agreement not being committed to writing, it was competent for defendants to show the complete transaction and the inducing causes to the making of the agreement, including the alleged false representations, and all shortcomings of the plaintiff under the agreement. The testimony tends to show that the defendants were unacquainted with a plant of the character sold; that plaintiff represented that the plant would have a capacity of six tons of ice each twenty-four hours, and at a cost not to exceed $1.10 per ton; that the representations were relied on; and that they were false, as the capacity of the plant was only four tons in twenty-four hours, and the cost of production was $2 per ton.

It is contended that the pleadings did not present an issue of fraud and that testimony on that subject was improperly re-

ceived. The answer expressly charges false representation, fraud, and deceit in the transaction, as well as that the plant was defective, improperly constructed, and that it was continually breaking down, and that a good quality of ice could not be made with it. The pleadings justified evidence of fraud, as well as defects in the plant and its unfitness for the production of ice.

Complaint is made of a ruling of the court permitting the reopening of the case, and the introduction of evidence by defendants after the parties had announced that they had rested. The added testimony related mainly to the value of the plant. Plaintiff stated that their witnesses had departed from the court and that they would be unable to meet the added testimony. To overcome that objection, defendant offered to concede that the witnesses named by the plaintiff would, if present, place the value at $6,000, the amount named by plaintiff in the negotiations. Under these circumstances there was no abuse of discretion in the reopening of the case and in the admission of the added testimony.

Plaintiff criticises the instruction of the court relating to the damages, and mainly that they did not use the word "reasonable" when speaking of the losses which might be recovered by it under named conditions. The instruction carried the idea of actual financial losses and left no room for the inference that unreasonable losses might be assessed. The omission of the term "reasonable" could not have misled the jury.

Complaint is also made of the refusal of a requested instruction to the effect that a letter written by defendants about the time the plant was set up containing a statement that it was a fine plant, makes nice ice, and could be operated with little labor, and finally recommending it to any one contemplating the installation of an ice plant, constituted an acceptance. This appears to have been a boasting letter which plaintiff procured to be signed by defendants that it might be used for advertising purposes. It was evidently not intended as a binding acceptance precluding inquiry into any misrepresentations and fraud that may have entered into the transaction, and which defendants insist cover not only the original transaction, but also fraud in obtaining their signature to the letter. No error was committed in refusing that request.

The argument of the plaintiff is directed mainly at the inconsistencies and contradictions, as well as insufficiency of the testimony, but it seems to have been sufficient to take the case to the jury, and its general verdict settled all conflicts and contradictions in the evidence in favor of the defendants.

No prejudicial error is found in the record, and therefore the judgment is affirmed.