No. 24,023.

ALBERT L. SHIRE and ROSA SHIRE, *Appellees,* v. THE FARMERS STATE BANK OF EUSTIS, NEBRASKA, and THE PIONEER STATE BANK OF EUSTIS, NEBRASKA, *Appellants.*

SYLLABUS BY THE COURT.

1. ACTION TO SET ASIDE DEED—*Incomplete Contract—Parol Evidence Admissible.* Where a written contract is, on its face, obviously incomplete, parol evidence may be received, not to contradict or vary its terms, but to show the complete agreement of the parties.

2. SAME—*Purchase of Merchandise—Incomplete Deed in Escrow—Purchase Never Completed—Invalid Deed.* Where S. enters into a contract to purchase a stock of merchandise, and in lieu of $3,500 cash deposits a deed in escrow with P. (one of the parties), the name of the grantee being omitted, with the understanding that the remainder of the invoice price of said stock is to be paid on completion of the invoice, and because of the wrongful acts of P. the invoice is never completed and P. disposes of the merchandise to another party; *held,* that P. is not entitled to insert his name in said deed as grantee, record same, and thereby take title to said land.

3. SAME.   The evidence examined, and found sufficient to sustain findings
    of the trial court and judgment rendered thereon.

Appeal from Gove district court; ISAAC T. PURCELL, judge.   Opinion filed
February 10, 1923.   Affirmed.

*Herman Long,* of Wa Keeney, and *O. E. Bozarth,* of Elwood, Neb., for
the appellants.
*John J. McCurdy,* of Lincoln, *David Ritchie, Omer D. Smith,* both of Sa-
lina, *G. L. Kagey,* of Beloit, and *R. H. Thompson,* of Gove, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: Defendants appeal from a judgment setting aside a
deed.   Early in November, 1918, the plaintiff, who resided at Lin-
coln, Kan., began negotiations with defendants for the purchase
of a stock of merchandise at Eustis, Neb.   Plaintiff went to Eustis,
taking with him a deed to the southeast quarter of section 2, town-
ship 14, range 27, Gove county, Kan., executed by himself and wife,
with no grantee named therein.   On the 22d of November the
parties entered into a contract whereby plaintiff was to purchase
from defendants a stock of goods then in the Cash Store at that
place, it being specified that the land above described should be
accepted by defendants in lieu of $3,500 cash, "deed to said quarter
to be put up in escrow in The Pioneer Bank."

The contract also provided that, "The remainder of the invoice
price is to be paid in cash upon completion of the invoice.   The
'cost price' shall be understood to be first cost to first parties with
no freight added and no discounts to be deducted.   If the cost
price to the first parties cannot be agreed upon, first party to furnish
original invoice or call in a third party to decide the same.   The
unsalable merchandise shall be taken at its value."

Invoice of the stock was proceeded with for a few days when the
plaintiff, charging defendants with attempting to defraud him by
changing the cost marks, refused to proceed further, and the in-
voicing was never completed.

Defendants put revenue stamps on the deed, inserted their names
as grantees, had the deed recorded, and disposed of the stock of
goods to other parties.

The first complaint is that the court erred in admitting evidence
to vary the terms of the written contract.   The contract was
silent with reference to the conditions of the escrow.   It was neces-

sary, and therefore proper, for the court to ascertain those conditions.

"The conditions upon which an instrument is delivered in escrow need not, however, be expressed in writing, but may rest in parol, or be partly in writing and part oral. The rule that a contract or instrument made in writing *inter partes* must be deemed to contain the entire writing or understanding has no application in the case of escrows. It is only necessary that it should distinctly appear from all the facts and circumstances attending the execution and delivery, that the instrument was not to take effect until a certain condition should be performed, and where the language of a written escrow agreement is vague and indefinite, it is the duty of the court in construing it to inquire into the circumstances and conditions existing when it was made, in order to ascertain the intention and actual meaning of the parties." (10 R. C. L. 623.)

There was testimony showing, and we believe the court was justified in finding, that the deed was not to be delivered until the contract had been carried out, and that no legal delivery of said deed was ever made.

Complaint is made of the admission of testimony showing the store was to be closed during the invoice, and that defendants agreed to produce the original invoices. This was not error. The contract states that, "If the cost price to first parties cannot be agreed upon, first party to furnish original invoice." The very fact that plaintiff demanded the original invoice shows that the parties did not agree as to cost price to defendants.

This court said in *Heskett v. Elevator Co.*, 81 Kan. 356, 105 Pac. 432:

"Parol proof can not be received to enlarge, vary or contradict a complete written contract, but this rule is not applicable to a brief memorandum which on its face is obviously incomplete. As to such a writing, parol evidence may be received, not to contradict the writing, but to show the complete agreement of the parties of which the writing is only a part." (Syl. ¶ 1.)

Complaint is made that testimony in reference to the revenue stamps was not permissable under the pleadings. It was permissible to show the affixing of the stamps as one of the incidents or steps taken by appellant in wrongfully filing the instrument for record, and as tending to show nondelivery of the deed. Defendants were not prejudiced.

The evidence is conflicting as to whether or not appellants changed or caused to be changed the original cost marks on some of the goods. The plaintiff had extreme difficulty at times during the invoicing in procuring the invoices. It may be readily seen that

after continuous unsuccessful efforts to procure the invoices in question, plaintiff became convinced that he was not being fairly treated. The trial court, after hearing the conflicting testimony, resolved his findings in favor of plaintiff. The record discloses sufficient testimony to sustain such findings, and under the rule, this court will not disturb them. After the interruption of the invoicing, and the recording of the deed, some correspondence was had between the parties. Defendants admit that they otherwise disposed of the stock of goods. They made no claim for damages, and it must, therefore, be presumed that they suffered none.

Forfeitures will be treated with only such tolerance as legal considerations require. (*Wilson v. Begshaw,* 108 Kan. 543, 196 Pac. 605.)

A forfeiture will not be enforced in favor of a wrongdoer.

Under all of the circumstances of the case it would be inequitable for defendants to receive value for the stock of goods in question and also take plaintiff's land.

We see no reversible error. The judgment is affirmed.