No. 26,400.

D. Thurston, *Appellee*, v. The Lubrite Refining Company, *Appellant.*

### SYLLABUS BY THE COURT.

Evidence—*Writing Incomplete on Its Face—Admissibility of Telephone Conversation.* Where oral negotiations concerning a contract of employment are afterward continued in a long distance telephone conversation and a letter confirming the telephone conversation, but not stating all the terms of the contract, is received by one of the parties from the other, parol evidence is admissible to prove the terms of the contract not contained in the letter.

Appeal from Saline district court; Dallas Grover, judge. Opinion filed January 9, 1926. Affirmed.

*David Ritchie* and *Omer D. Smith,* both of Salina, for the appellant.

*C. W. Burch, B. I. Litowich* and *LaRue Royce,* all of Salina, for the appellee.

The opinion of the court was delivered by

Marshall, J.: The plaintiff sued to recover damages for breach of a contract of employment. Judgment was rendered in his favor, and the defendant appeals.

The petition alleged verbal negotiations for the employment, a long distance telephone conversation concerning it, and a letter written by the vice president of the company in confirmation of that conversation. The vice president conducted all of the negotiations for the employment. The material part of the letter read as follows:

"In confirmation of telephone of even date, we are very pleased to have you with us on the basis of $5,000 per year salary and want you to make arrangements immediately to get a little office at Salina. Please have telephone and telegraphic connections put in as soon as possible."

The petition alleged employment of the plaintiff for one year at a salary of $5,000 a year and alleged his discharge before the end of the year. The action is to recover the salary for the remainder of the year. The answer admitted the negotiations which resulted in sending to the plaintiff the letter from which the language quoted above is taken. The defendant alleged that:

Evidence, 22 C. J. pp. 1283 n. 93, 1287 n. 4, 1290 n. 56, 57; 32 L. R. A. n. s. 383; 10 R. C. L. 1030.

"The said plaintiff is now estopped from claiming any other or different contract than that which is set out in the said conversation and letter hereinbefore referred to."

The defendant says:

"The controversy in this case is as to whether the contract of employment was for the period of one year, or whether it was for an indefinite time, at the rate of $5,000 a year."

On the trial, the plaintiff introduced evidence to prove that in the conversation between him and the vice president and in the communication between them over the telephone, the term of employment was to be one year. The defendant objected to the introduction of that evidence. The question sought to be thus proved was submitted to the jury. Of these matters, the defendant complains.

The letter on which the defendant relies read, "In confirmation of telephone of even date." That made the telephone communication a part of the contract except as otherwise provided in the letter. The evidence tended to show that the telephone communication was a continuation of the previous conversation that had taken place between the plaintiff and the vice president of the company. The letter did not give all the terms of the contract. It named the yearly salary, and that was all. The letter did not indicate either the nature of the employment or the length of time it was to continue. The letter in itself did not constitute a complete contract. It was necessary to add something to the letter to make it constitute a contract. That something was the telephone communication which was a continuation of the verbal conversation and a part of it.

In *Evans v. McElfresh*, 85 Kan. 389, 116 Pac. 612, this court declared that:

"Where a writing is incomplete and shows on its face that all the stipulations between the parties were not included in it, parol proof of the omitted parts of the contract which are not repugnant to or inconsistent with the written portions may be introduced to supplement that which is written." (See, also, *Heskett v. Elevator Co.*, 81 Kan. 356, 105 Pac. 432, and *Kaul v. Telephone Co.*, 95 Kan. 1, 147 Pac. 1130.)

There was no error in the admission of the evidence, nor in submitting the evidence to the jury.

The judgment is affirmed.

BURCH, J., not sitting.