No. 28,310.

GEORGE ROBBEN and C. A. ROBBEN, Partners, doing business as THE NORTON. MANUFACTURING COMPANY, *Appellants,* v. THE FARMERS COÖPERATIVE COMPANY, *Appellee.*

(278 Pac. 10.)

Opinion filed June 8, 1929.

*John W. Davis* and *Russell L. Hazzard,* both of Greensburg, for the appellants.

*O. G. Underwood,* of Greensburg, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The errors assigned in this case are in permitting the defendant to amend its answer during the trial by referring to a circular and advertising matter as explaining a written contract and warranty, and in admitting such circular and advertising matter in evidence, and oral evidence along the same line, which, it is claimed, was in violation of the rule against the admission of evidence tending to alter, vary or contradict the terms of a written instrument.

The plaintiffs sued to recover upon a written contract for the purchase of one Perfection self-unloading header barge, shipped and delivered to the defendant. The written contract consists of an order of purchase, which refers to a warranty on the back thereof, in the following language:

"It is distinctly understood that the above-mentioned machine is purchased subject to the warranty on the back and no other."

The part of the warranty printed on the back of the order which most concerns us at this time is às follows:

"Any machine of our make is guaranteed 'to do good and efficient work for which it is intended when properly operated.'"

The answer admitted the execution of the order or contract and alleged a breach of warranty, and referred to and attached a copy of a circular or advertising·matter describing the barge, its qualities, and what could be accomplished with it, and later, with the permission of the court, the answer was amended by referring to the contract and warranty as explained in the circular or advertising matter attached to the·answer as an exhibit.

A reply in form of a general denial was filed, and the defendant assumed the burden of the issues. Witness Dunbar, who represented the defendant in the negotiations for the purchase of the barge, testified that the agent of the plaintiffs gave him the circular, a copy of which is attached to the answer, and from it explained to him what work the barge was intended to do and what was meant by being guaranteed to do good and efficient work for which it is intended when properly operated; to which the appellants objected as tending to alter, vary and contradict by parol the terms of a written instrument. The court overruled the objection and admitted the evidence, and later overruled a similar objection to the admission of the circular. The circular contains eight cuts of the barge in different positions, describes how it works and what it will do and what can be accomplished by it, and answers fourteen questions said to be frequently asked about it and its operation.

There is no claim of implied warranty in the case and no claim of fraud. Appellants maintain that the warranty is not ambiguous and is complete in itself, and therefore parol and extrinsic evidence is inadmissible. The vital purpose of this general rule is to exclude evidence which tends to alter, vary or contradict the terms of the written instrument. Evidence which does not contradict but only explains or supplies something that is omitted or incomplete is not within the rule invoked. This was the effect of the ruling in *Ehrsam v. Brown,* 64 Kan. 466, 67 Pac. 867, where the contract of purchase "contains no words of express warranty, either of the quality of the article sold ór its fitness for a particular use." In the case of *Railway Co. v. Vanordstrand,* 67 Kan. 386, 73 Pac. 113, the rule was stated as follows:

"Such a contract, made without fraud in its execution, full and complete in its terms, unambiguous, reasonable, and plain, . . . cannot be supplemented by parol proof." (Syl. ¶ 3.)

In *Buxton v. Colver*, 102 Kan. 871, 171 Pac. 1158, the rule is applied, "the contract being complete and unambiguous," and in *Radebaugh v. Dillon*, 119 Kan. 492, 240 Pac. 406, the rule was enforced "where a written contract was complete and free from ambiguity."

Is the language of the warranty in this case plain, complete and definite in itself, or does it need anything to explain it in any way? It warrants the machine "to do good and efficient work for which it is intended when properly operated." Is it definitely known as to the work for which it is intended without any explanation? Does the name the Perfection self-unloading header barge fully enlighten us on that subject? The eight cuts showing the machine in different stages of performance explain it and very substantially inform us as to the work for which it is intended. Neither the contract nor the warranty give us this much-needed information. Likewise, the answers to the fourteen questions and the description as to size, quality and capacity supply a further incompleteness as to what is intended to be done by this machine.

"A written contract for the sale of a thrashing machine contained a general warranty, in the following words: 'That said machinery is well made, of good materials, and, with proper management, capable of doing well the work for which the machines respectively are made and sold.' Nothing in the contract showed the nature of the machine or the purpose for which it was made or sold. *Held*, parol evidence was admissible to prove that it was made and sold for the purpose of being used to thrash all kinds of grain." (*Nichols v. Maxson*, 76 Kan. 607, syl. ¶ 1, 92 Pac. 545.)

"Where a written instrument, executed pursuant to a prior verbal agreement or negotiation, does not express the entire agreement or understanding of the parties, the parol evidence rule does not apply to prevent the introduction of extrinsic evidence with reference to the matters not provided for in the writing." (22 C. J. 1283. See, also, 28 A. L. R. 998.)

Neither the testimony of the witness Dunbar nor the contents of the circular contradict the terms of the written instrument, but they do explain what work the machine is intended to do, which cannot be determined from the instrument itself, and therefore such parol and extrinsic evidence was not inadmissible and there was no error in the overruling of the objection thereto.

"Parol testimony is competent . . . to explain certain indefinite matter contained in a written contract to which defendant had subscribed." (*Schroyer v. Ruffhead*, 122 Kan. 767, syl. ¶ 4, 253 Pac. 414.)

". . . Parol evidence is admissible to prove the terms of the contract not contained in the letter." (*Thurston v. Lubrite Refining Co.,* 120 Kan. 137, syl., 242 Pac. 126.)

See, also, the following authorities on the same question: *Shepard v. Haas,* 14 Kan. 443; *Wichita University v. Schweiter,* 50 Kan. 672, 32 Pac. 352; *Heskett v. Elevator Co.,* 81 Kan. 356, 105 Pac. 432; *Royer v. Silo Co.,* 92 Kan. 333, 140 Pac. 872; *Clark v. Townsend,* 96 Kan. 650, 153 Pac. 555.

It is argued by appellants that the machine might "do good and efficient work" without regard to its size, capacity, quantity accomplished, or height of stack. This reasoning might be sound if we would eliminate from the warranty the words, "for which it is intended." No one would contend the work would be good and efficient if it could only operate on a stack five or six feet high, however efficient it might be to that height. It would not be the work for which it was intended, and as the warranty is silent as to what was intended such information must be obtained from extrinsic sources to supply that which is incomplete in the warranty.

The same ruling was made by the trial court as to the testimony along similar lines given by other witnesses, and the witness Clothier in particular, who was a salesman for the local dealer handling these barges for the plaintiffs, and who testified that the plaintiffs' agent told him that if the barges did not give satisfaction according to the printed circulars the buyers hadn't bought anything. We find no error in this ruling, even as to the witness Clothier. The fact that he indirectly represented the plaintiffs and stated directions given him by a superior with reference to the circular in question does not make him or his evidence incompetent. His evidence tended to show the views of the plaintiffs as to the work for which the barge was intended.

The amendment made to the answer was in line with the evidence introduced explaining the contract by the printed circular, and permitting it to be made was not error.

Complaint is made of the giving of instructions 3 and 4, which informed the jury that plaintiffs by their conduct had waived the requirement of the notice prescribed in the warranty and permitted the jury to consider a failure of the machine to measure up to the requirements of the contract and the printed circular as a failure to fulfill the warranty. We see no error in these instructions nor in overruling the demurrer to the evidence of the defendant, nor in refusing to direct a verdict for plaintiffs and grant a new trial.

The judgment is affirmed.